985 So.2d 79 (2008)
John F. GUILBEAU and Stacey K. Guilbeau
v.
CUSTOM HOMES BY JIM FUSSELL, INC.
No. 2007 CA 1235.
Court of Appeal of Louisiana, First Circuit.
February 8, 2008.
Gary M. Cooper, Baton Rouge, Louisiana, for Plaintiffs/Appellants, John F. Guilbeau and Stacey K. Guilbeau.
Robert E. Kerrigan, Jr., Kermit L. Roux, III, New Orleans, Louisiana, for Defendant/Appellee, Custom Homes By Jim Fussell, Inc.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
GAIDRY, J.
This is an appeal from a summary judgment rendered in favor of a defendant builder, dismissing the plaintiff homeowner's claims under the New Home Warranty Act with prejudice. We affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, John and Stacey Guilbeau, entered in to a contract with defendant, Custom Homes by Jim Fussell, Inc. ("Custom Homes"), to build a house on a lot owned by the Guilbeaus. After occupying the home for a period of time, the Guilbeaus noticed "cracks in the walls and floors and other defects in the quality of the construction of the house." After having the house inspected, the Guilbeaus were informed that the foundation of their home was defective. The Guilbeaus filed suit against Custom Homes under the New Home Warranty Act, La. R.S. 9:3141-3150, asserting defects in the design of the slab, preparation of the site, preparation of the base, and construction of the slab.
The Guilbeaus' experts concluded that the problems with the Guilbeaus' house were caused by soil movement, either settlement or uplift. Custom Homes filed a motion for summary judgment, alleging that the Guilbeaus had expressly waived "any claim for loss or damage caused by soil conditions or soil movement pursuant to the provisions of Louisiana R.S. 9:3144(B)(18)," and therefore their claims must be dismissed. The trial court granted *80 Custom Homes' motion for summary judgment, and the Guilbeaus appealed devolutively.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Summary judgment is favored and "is designed to secure the just, speedy, and inexpensive determination of every action." La. C.C.P. art. 966(A)(2).
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders, 96-1751 at p. 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
Louisiana Revised Statutes 9:3144(B)(18) provides that unless the parties otherwise agree in writing, the builder's warranty shall exclude:
Any loss or damage to a home caused by soil conditions or soil movement if the home is constructed on land owned by the initial purchaser and the builder obtains a written waiver from the initial purchaser for any loss or damage caused by soil conditions or soil movement.
The contract between the parties clearly states "The parties acknowledge that this residence is being constructed on land owned by Owner. Owner specifically waives any claim for loss or damage caused by soil conditions or soil movement pursuant to the provisions of Louisiana R.S. 9:3144(B)(18)." The reports by the various experts who inspected the Guilbeaus' home and property all attribute the defects complained of by the Guilbeaus to soil conditions or soil movement. Thus, it is clear that the Guilbeaus validly waived their claims for these damages under their contract with Custom Homes and the New Home Warranty Act. Summary judgment was appropriately granted in this case.

DECREE
The trial court judgment granting Custom Homes' motion for summary judgment and dismissing the Guilbeaus' claims with prejudice is affirmed. Costs of this appeal are assessed to the Guilbeaus.
AFFIRMED.